MICHAEL FOLEY, JR. *vs.* WEST END STREET RAILWAY
COMPANY.

Suffolk.     March 7, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence.     Street Railway.*

In an action against a street railway company for personal injuries where the plaintiff, a boy nearly eleven years of age, fell or was pushed or jumped from the running board on the left hand side of an open electric street car of the defendant and was run over by a car approaching on the parallel track of the defendant's railway, if there is much evidence to indicate that the plaintiff was trying to steal a ride and jumped off voluntarily to avoid the conductor, but, if the jury believe the plaintiff's story and the part of the testimony of the other witnesses which is most favorable to him and if they disbelieve everything that tends to contradict his story, there is evidence on which they can find that the conductor, holding on to an upright post of the car with his right hand, swung around the man who was standing behind the plaintiff on the running board and hit the plaintiff with his left hand in such a way as to knock him off the car or cause him to fall, the question of the negligence of the defendant is for the jury.

TORT by a minor, by his next friend, for personal injuries received on August 9, 1896, when the plaintiff was alleged to have been a passenger upon the running board on the left hand side of an open electric car of the defendant on Broadway between D Street and E Street in that part of Boston called South Boston. Writ dated December 4, 1896.

In the Superior Court the case was tried before *Hitchcock*, J., who refused to rule that on all the evidence the plaintiff was not entitled to recover, and submitted the case to the jury. They returned a verdict for the plaintiff in the sum of $6,000; and the defendant alleged exceptions.

*G. H. Mellen*, for the defendant.

*C. F. Smith*, for the plaintiff.

KNOWLTON, C. J. The plaintiff, a boy nearly eleven years of age, fell, or was pushed, or jumped from the running board on the left hand side of an open street car, and was run over by a car approaching on the other track of the defendant's railway. The question is whether there was any evidence that would warrant a verdict in his favor.

There was testimony from which the jury might infer that he was in the exercise of due care. The difficult question is whether there was any evidence that the accident was caused by the negligence of the conductor. The plaintiff testified that, as he was riding on the running board where other passengers were also riding, he felt a push or blow from behind on his left shoulder which caused him to fall from the car, and the next that he remembered he was in a hospital. There was testimony tending to show that the passenger next behind him, on the running board, did not touch him, and that the conductor, coming from the platform in the rear, swung around the passenger on the running board next behind the plaintiff, that the conductor was holding with his right hand upon the upright post near the passenger, and that, as he swung around, his left hand was outstretched toward the plaintiff. A witness testified that he was in a position to see, but did not see the man at the rear of the plaintiff do anything to the plaintiff, and did not see any of the other passengers touch him before he fell. The evidence tended to show that, just before the conductor swung around the man behind the plaintiff, the plaintiff was standing

still, holding on to the upright post and looking forward, and that, just after the conductor swung around, the plaintiff fell off in front of the car approaching on the next track.

The jury might have found from the testimony that the conductor, either intentionally or negligently, caused the boy to fall off from the running board, just as the other car was approaching. The evidence is not clear and satisfactory, and there is much in the testimony introduced by the defendant, and in the circumstances of the case, to indicate that the plaintiff was trying to steal a ride, and voluntarily jumped to avoid the conductor. But the jury had a right to believe the plaintiff's story, and that part of the testimony of the other witnesses that was most favorable to him. If they believed that and disbelieved everything that tended to contradict it, they might find that the conductor was culpably responsible for the plaintiff's injury.

*Exceptions overruled.*